HENDERSON et al. *v.* WASSERMAN.

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

1. SALE—ACTION FOR PRICE—PROOF OF DELIVERY.
Building materials, for the price of which action was brought, were delivered from plaintiffs' dock at defendant's house, within sight of the dock, by teamsters who took receipts for the contents of each load sent. One of the plaintiffs helped unload part of the material, and saw other portions of it carried to the house, and there was testimony that the brick delivered there equaled the quantity alleged. Defendant, when informed of the amount of plaintiffs' bill, after an interview with his contractor, promised to pay it. *Held*, that this was evidence for the jury of the delivery of the whole bill.

2. SAME—WHO LIABLE AS PURCHASER.
Plaintiffs testified that defendant, on paying off a lien filed by them against his building for materials furnished to a contractor for the erection thereof, told plain-

tiffs that he would pay for all materials furnished thereafter, and requested them to furnish what was needed. *Held*, that they could recover from him for such materials afterwards furnished, although they were charged to the contractor on plaintiff's books, and another lien was filed by them against him therefor.

Appeal from circuit court, Queens county.

Action by Thomas Henderson and William Pearsall against Benort Wasserman for goods sold and delivered. From a judgment for plaintiffs entered on the verdict of a jury, and an order denying a motion for a new trial, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Theo. Burgmyer*, (*F. E. Dana*, of counsel,) for appellant. *Archibald Mutch*, (*Henry A. Monfort*, of counsel,) for respondents.

BARNARD, P. J. The proof of the delivery of the articles was sufficient. The plaintiffs were dealers in building materials. The defendant was building a house, within sight of the plaintiffs' dock, about a quarter of a mile off. The course of business was for the plaintiffs to deliver to teamsters the materials with a slip containing the contents of the load, with instructions to get a receipt from them at the building. The plaintiff Pearsall occasionally would help unload these shipments. The receipted slips were used at night as the basis for the entry on the books, and the books are proven to be correct, as called for by the slips. There is proof that an amount of brick was delivered at defendant's house fully up to the items on the bill. The items of the bill are proven to have been loaded for the defendant's house, and sent there by the teamsters. A part of the articles were seen to be carried there by the plaintiff Pearsall. The defendant was informed of the amount of the bill, and, after an interview with his contractor, told the plaintiff "it was all right that I should have my money." The material was delivered at defendant's house by the plaintiffs' teamsters. This proof was sufficient to carry the whole bill to the jury upon the question of delivery. The amount of the bill was not disputed by the evidence, except that defendant denied his liability. This was a question of fact as to which the parties were at variance. The plaintiffs' proof was to the effect that the defendant had contracted with one Mills. The plaintiffs sold Mills materials for the building, and Mills failed to pay, and plaintiffs filed a lien on the lot. Then the defendant paid the lien, and promised the plaintiffs that he would pay for all materials to be furnished thereafter, and requested the plaintiffs to furnish whatever was needed by Mills for the building. The defendant denied this entirely. The evidence to support the theory of plaintiff Pearsall and defendant is of no importance. The jury found for the plaintiffs. If the plaintiffs' testimony be taken as the truth, the verdict must stand. There is proven a direct contract upon the part of the defendant to buy the goods on his own credit. It is of no consequence to whom the goods were charged, or against whom the lien was filed. These facts are evidence as to the credibility of Pearsall; but assuming a contract between the plaintiffs and Wasserman, the owner, for the purchase of the material, Wasserman is the only one legally liable upon the contract.

Judgment affirmed, with costs.